# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PARIS R. BOONE,

        Petitioner,    :    Case No.  2:17-CV-332

  - vs -    District Judge Algenon L. Marbley
        Magistrate Judge Michael R. Merz

Warden,
  Mansfield Correctional Institution

    :

        Respondent.

## ORDER TO SUPPLEMENT MOTION

This habeas corpus case is before the Court Petitioner's Motion for Relief from Judgment (ECF No. 16).  As a post-judgment motion, it requires a report and recommendation from the assigned Magistrate Judge, rather than a decision in the first instance.  28 U.S.C. § 636(b)(3).  There are several irregularities with the Motion that require a remedy before it can be decided on the merits.

First of all, the Motion is signed and was filed by Peter Bryan Galyardt, an attorney with the Office of the Ohio Public Defender.  It is not signed by the Assistant Public Defender who filed the case, Nikki Trautman Baszinski, but Ms. Baszinski became, by filing the Petition, the "trial attorney" for Petitioner.  S. D. Ohio Civ. R. 83.4(a) provides in pertinent part

> Unless otherwise ordered, in all actions filed in, transferred to, or removed to this Court, all parties other than *pro se* parties must be represented at all times by a "trial attorney" who is a permanent member in good standing of the bar of this Court. Each filing made on behalf of such parties shall identify and be signed by the trial attorney.

1

To ensure that there is a responsible trial attorney in every case not filed *pro se*, the Rules also provide a formal process by which a substitution of trial attorneys can take place. S. D. Ohio Civ. R. 83.4(c). That process has not taken place in this case. Instead, according to the Motion, Ms. Baszinski merely turned over her files to her supervisor, Mr. Galyardt, when she left the Public Defender's Office in November 2018 (ECF No. 16, PageID 1515, n.1). Mr. Galyardt aptly describes what happened then as "abandonment" of the case. *Id.* Indeed, because Ms. Baszinski would have received the Notice of Electronic Filing for all documents filed in the case, the Court has no idea whether Petitioner knows anything about what has happened. See the discussion of attorney abandonment in *Maples v. Thomas*, 565 U.S. 266 (2012). To partly rectify that abandonment, Mr. Galyardt shall file forthwith a certificate of service on Mr. Boone of all filings in this case made or received by Ms. Baszinski, whether that service was made at sometime in the course of these proceedings or is now being made in response to this Order.

Mr. Galyardt shall also file a substitution of himself as trial attorney in this case, complying with the procedure in S. D. Ohio Civ. R. 83.4(c), and shall provide this file to Ohio Public Defender Timothy Young who shall certify to the Court, not later than May 1, 2020, that he has reviewed it.

In the Motion, Petitioner sets forth the requirements for relief under Fed.R.Civ.P. 60(b) including some showing of merit. Because counsel understandably hurried to file the instant Motion to meet the one-year deadline, he did not attach the proposed objections. But the Magistrate Judge cannot make a recommendation on whether those objections should be considered on the merits without seeing what they are. Accordingly, Petitioner is ordered to file proposed objections not later than May 1, 2020. The time of Respondent to file a memorandum

in opposition to the 60(b) motion under S. D. Ohio Civ. R. 7.2 will run from the date the proposed objections are filed.

April 16, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
