# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PARIS R. BOONE,

           Petitioner,    :    Case No. 2:17-cv-332

- vs -                      Chief Judge Algenon L. Marbley
                                    Magistrate Judge Michael R. Merz

ALAN J. LAZAROFF, Warden[1],
  Mansfield Correctional Institution

                                    :

           Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 16). Petitioner has supplemented the Motion as ordered by the Court, including substituting Ohio Assistant Public Defender Peter Galyardt as counsel (ECF Nos. 19, 20). Respondent Warden opposes the Motion (ECF No. 21) and Petitioner has filed a Reply in Support (ECF No. 22).

Post-judgment motions such as those under Fed.R.Civ.P. 60 are referred to Magistrate Judges under 28 U.S.C. § 636(b)(3), requiring a report of proposed factual findings and a recommendation for disposition.

**Litigation History**

---

[1] Respondent advises that Alan J. Lazaroff is the current Warden at Mansfield Correctional Institution and thereby has custody of Petitioner. The caption is ordered amended as set forth above.

1

With the assistance of Ohio Assistant Public Defender Nikki Trautman Baszynski, Petitioner filed this case April 19, 2017 (Petition, ECF No. 1). As ordered by Magistrate Judge Terrence P. Kemp, the Warden filed a Return of Writ and the State Court Record (ECF No. 6) and Petitioner filed a Reply (ECF No. 10), rendering the case ripe for decision on July 24, 2017. Nothing further happened in the case until March 27, 2019, when the Magistrate Judge reference was transferred to the undersigned (ECF No. 11).

The purpose of the transfer was to help balance the Magistrate Judge workload in the District. As a recalled Magistrate Judge the undersigned has been assigned many such transferred habeas corpus cases from both the Cincinnati and Columbus seats of court. Along with *In re Ohio Lethal Injection Protocol Litigation,* Case No. 2:11-cv-1016, habeas corpus cases comprise the undersigned's workload. A hiatus in the lethal injection litigation enabled the undersigned to turn his attention immediately to this case and a Report was filed March 29, 2019 (ECF No. 12). When no objections were filed within the time allowed by law, Judge Marbley adopted the Report and dismissed the Petition on April 17, 2019 (ECF No. 14).

Unbeknownst to the Court, Petitioner's trial attorney, Ms. Baszinski, left the Ohio Public Defender's Office November 2018 while this case was pending decision (Motion, ECF No. 16, PageID 1516). In doing so, she did not withdraw as trial attorney for Petitioner or obtain the substitution of another attorney. Instead, she organized the case files for which she was responsible into two piles: completed and uncompleted, and delivered them to Mr. Galyardt, her supervisor. He avers that Boone's file "was somehow inadvertently placed in the completed-case pile," leading to his mistaken belief that the case was complete. *Id.* He remained of this belief until he checked Boone's file shortly after April 11, 2020, because he had another case with some issues he knew

2

to be parallel. *Id.* Realizing his mistake, he promptly filed the instant Motion on April 15, 2020, two days before the first anniversary of the Judgment. He seeks on Petitioner's behalf to reopen the judgment so that the Court can consider on the merits the proposed Objections which he has tendered (ECF No. 20).

## Analysis

Petitioner grounds his request for relief from judgment in Fed.R.Civ.P. 60(b)(1) which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

Under Fed.R.Civ.P. 60(c), a motion for relief under 60(b)(1) must be made within a year of judgment. Respondent does not contest that the Motion was timely filed.

Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), citing *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970);

3

*Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973). Determinations made pursuant to Fed. R. Civ. P. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957).

**Excusable Neglect**

Petitioner claims his failure to file timely objections is the result of excusable neglect on the part of his counsel. There are several neglectful acts involved. First of all, Ms. Baszinksi transferred the files for which she was responsible without substituting a new trial attorney for Petitioner. This is not simply a matter of office procedure or compliance with a local rule. Attorney abandonment can have very serious consequences for an imprisoned client. See *Maples v. Thomas*, 565 U.S. 266 (2012). Second, Mr. Galyardt neglected to review Boone's file for months after it became his responsibility. Had he failed to do so for even one additional week, Boone would have permanently lost a chance for relief under Fed.R.Civ.P. 60(b)(1).

Respondent relies heavily on *Yeschick* to defeat the Motion for Relief. In that case Defendant Federal Aviation Administration had filed dispositive motions in August and September, 2009, which the District Court granted on January 10, 2010. 625 F.3d at 627. Less than two weeks later Yeschick moved for relief from judgment under Fed.R.Civ.P. 60(b)(1). Counsel claimed excusable neglect in that the email address he had on file with the court had changed and all emails sent to the old address after May 2019 had bounced, so that he had not received notice of the filing of the FAA's motions. The district court had denied relief, concluding that failure to notify the clerk of a changed email address did not constitute excusable neglect.

The *Yeschick* court stated the standard for Rule 60(b)(1) relief as follows:

> "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.'" *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457-58 (6th Cir. 2011) (quoting *Gumble v. Waterford Twp.*, 171 F. App'x 502, 506 (6th Cir. 2006)). Clients are held accountable for their attorneys' acts and omissions. *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594-95 (6th Cir. 2002). "Thus, in assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] and their counsel was excusable.'" *Id*. at 595 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

625 F.3d at 628-29.

The *Yeschick* court went on to reinforce counsel's duty to monitor the docket and the ease with which that is done now that the federal courts use electronic docketing:

> We have previously found that parties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal. See *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370-71 (6th Cir. 2007); *Reinhart v. U.S. Dep't of Agric.*, 39 F. App'x 954, 956-57 (6th Cir. 2002). Now that electronic dockets are widely available, the burden imposed by this affirmative duty is minimal. Attorneys may monitor the docket from the comfort of their offices; they simply need to log-on to the CM/ECF system from a computer. *Kuhn*, 498 F.3d at 371. Further, [*630] email notification of docket activity is often available to assist attorneys in monitoring their cases. Regardless of the method of communication utilized (posted mail or email), it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address. See *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed they did not receive mail informing them of court's entry of summary judgment due to house fire); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards,* No. 86-1856, 816

5

> F.2d 683, 1987 WL 37151, at *1 (6th Cir. 1987) (unpublished table decision) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him"). Thus, after an email address change or migration, just as with a change of physical address, a party must inform the court of his or her updated contact information if he wishes to receive notices of electronic filing. However, we emphasize that regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket. *Kuhn*, 498 F.3d at 370-71.

*Id.* at 629-30. Indeed, in this Court electronic notice to counsel of the docketing of filings is universal, not just "widely available." Every time a filing is docketed, the CM/ECF system generates a Notice of Electronic Filing which is the automatically emailed to the email address of all counsel in the case. The Court's docket record show that these NEF's were consistently sent to Ms. Baszinski at the address nikki.baszynski@opd.ohio.gov from the inception of the case until Mr. Galyardt substituted for her as trial attorney on May 1, 2020. Thus the Court provided notice of each filing to the only email address it had been given. We are not told what happened to Ms. Baszinski's email account when she left employment with the Ohio Public Defender in November 2018, but the Court received no "bounce" notices on its NEF's.

Mr. Galyardt asserts several times that Ms. Baszinski is "blameless," presumably because she followed Public Defender Office policy and practices and those are designed to ensure continuity of representation.

The Magistrate Judge cannot accept that conclusion. The Local Rules of this Court are directed to individual attorneys. We do not admit law firms to practice and we require that every litigant who is not proceeding *pro se* be represented by an individual trial attorney who must be a member of the bar of this Court and must sign every filing. So far as the Court knew, Ms. Baszinzki continued to be Boone's trial attorney and was responsible for representing him for almost eighteen months after she had in fact left the Public Defender's Office. It is of course important that law

6

firms establish practices by which departing attorneys can be reasonably assured that firm clients will receive new counsel. But an attorney does not discharge her responsibility to the Court by complying with office practice.[2]

The Magistrate Judge accepts Mr. Galyardt's assertions that Ms. Baszinski had no duty to provide the Court with a backup email address or to provide the Court with a new email address once she left the Public Defender Office. Likewise the Magistrate Judge finds no fault in the Office of Public Defender or in Petitioner's personal individual behavior. However, both the Supreme Court and the Sixth Circuit have held a client must be held responsible, in the excusable neglect context, for the acts or omissions of his attorney. *Pioneer, supra; Yeschick, supra.*

Mr. Galyardt readily accepts responsibility for the lapse in representation and admits that it was the result of neglect on his part. The question for the Court is whether that neglect is excusable or not. One approach would be to treat that question as a purely subjective one for the Court. Under a completely subjective standard, it would be sufficient for the judge to say "I accept your apology for your negligence; your mistake is forgiven; the judgment is reopened."

Whether for good or ill, the Sixth Circuit does not apply a purely subjective standard, but rather considers whether excusing neglect was an abuse of discretion. In *Deym v. von Fragstein*, 127 F.3d 1102 (table), 1997 WL 650933 (6th Cir. 1997)[3], the undersigned had extended time to appeal for five days, finding that missing the appeal date was excusable neglect by an attorney with the highest possible reputation at the bar of this Court. The Sixth Circuit found that to be an abuse of discretion. In *Allen v. Murph,* 194 F.3d 722 (6th Cir. 1999), a case relied on by Petitioner,

---

[2] In the Magistrate Judge's mind, important questions about the degree of Ms. Baszinski's responsibility revolve around her Public Defender email account. Did she continue to have access to it after she left the office? Did anyone else have access to it?

[3] Both *Deym* and *Allen* were cases referred tio the undersigned under 28 U.S.C. § 646(c) on unanimous consent of the parties.

7

the undersigned found no excusable neglect when a motion for attorney fees was filed thirteen days out of rule. The Sixth Circuit upheld the ruling, but the concurring judge held this Court only avoided abusing its discretion because the losing party could sue for attorney malpractice. Taken together, these cases suggest that finding excusable neglect is not a mere matter of grace on the part of the trial judge, but requires some justification.

Boone offers distinctions of this case from the conduct found inexcusable in *Yeschick*. The Magistrate Judge agrees. The lapses in that case were all those of an attorney who was supposed to be actively litigating the case. Here, the lapse occurred in the lateral pass from Ms. Baszinski to Mr. Galyardt. Once he had made the initial mistake of classifying this case in his own mind as closed, everything else followed without further obvious lapses on his part.

The Supreme Court has held that excusable neglect is not limited to situations beyond the control of lawyer or client, such as Acts of God, but includes negligent failures to file. *Pioneer Investment v. Brunswick*, 507 U.S. 380 (1993).[1] As to whether a particular neglect is excusable or not, it held that

> ... the determination is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor [or other adverse party] the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith..

---

[1] Although *Pioneer* involved interpretation of "excusable neglect" in Bankruptcy Rule 9006(b)(1), the Court made clear that its analysis also applied to uses of the term in the Federal Rules of Civil Procedure. The Sixth Circuit has expressly so held. *United States v. Thompson*, 82 F.3d 700 (6th Cir. 1996).

8

507 U.S. at 395. Although the delay here was within the control of Petitioner's counsel, there is no suggestion that he acted in bad faith; he would have had no motive to do so. Respondent does not suggest that somehow the State has acted in reliance on the judgment in this case or that it would be in some way prejudiced by reopening the judgment, beyond having to litigate the merits of Petitioner's Objections. Reopening the judgment here will not place a severe burden on the Court – it is not a matter of a new trial, for example. Although there was a delay of nearly a year from judgment before the Motion was filed, there was only a very brief delay from Mr. Galyardt's discovery of his mistake and his filing the Motion, and that was done in the midst of the enormous disruption of normal activities by the COVID-19 pandemic. Perhaps most important is the reason often given for reopening default judgments: the strong preference of the federal courts for deciding cases on the merits.

Applying the *Pioneer* standard and accepting that all humans are fallible, the Magistrate Judge concludes Mr. Galyardt's neglect in this instance is excusable.

**Meritorious Objection**

To obtain reopening of the judgment, Petitioner must show not only excusable neglect, but that he has a "meritorious claim or defense." *Marshall, supra.* Petitioner asserts that any defense is sufficient if it states "a defense good at law." (Reply, ECF No. 22, PageID 1564, citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983). The *United Coin* court noted the preference for merit determinations. 705 F.2d at 846. An alternative formulation advanced by Petitioner "is merely whether 'there is some possibility that the outcome of the suit

9

after [full consideration] will be contrary to the result achieved by the [order].'" (Reply, ECF No. 22, at 1564, citing *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir.2006).)

Both *United Coin* and *Burrell* were cases involving default judgments where the trial court had not heard the case on the merits. That is not the situation here. When the case was transferred to the undersigned, it had been fully briefed on the merits and the Report and Recommendations recommended dismissal with prejudice on the merits, which Respondent conceded were preserved for habeas consideration (Report, ECF No. 12, PageID 1505). The Report also recommended denying a certificate of appealability. *Id.* Because no objections were filed, for reasons now explained to the Court, Judge Marbley adopted the Report without the level of review which would have been required had objections been made. See Fed.R.Civ.P. 72(b).

Petitioner's Proposed Objections address both the merits and the certificate of appealability question (ECF No. 20). In opposing the Motion for Relief, Respondent has addressed the merits of the Objections. Thus upon granting the Motion for Relief, the Court would have before it the ripe objections for decision. If, on the other hand, the Motion were denied, that denial would be appealable and, as the above discussion of execusable neglect makes clear, there is room for debate on that question among reasonable jurists. However, appeal of denial of a 60(b) motion does not bring the underlying case to the courts of appeals. *Browder v. Dir., Dept. of Corr.*, 434 U.S. 257, 263, n. 7 (1978); *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Rather, the court of appeals inquiry is limited to whether one of the specified circumstances exist under which the appellant is entitled to reopen the merits of the underlying claims. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Should the Sixth Circuit reverse on the 60(b) motion, this Court would be then where it is now: presented with a set of Objections already ripe on the merits.

In the interest of judicial economy, then, the Magistrate Judge respectfully recommends that the Motion for Relief from Judgment be granted and the Court proceed to decide the Objections on the merits.

May 25, 2020.

s/ *Michael R. Merz*  
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.